## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**JAMES RICHARD OLSEN**,

Debtor.

Case No.  **13-60733-13**

## MEMORANDUM

At Butte in said District this 13th day of August, 2013.

Pending in this Chapter 13 case is the "Motion for Declaratory Determination Re: Scope of Automatic Stay" ("Motion") (Docket No. 8) filed on June 5, 2013, by creditor Tim Meikle ("Meikle") seeking a declaration pursuant to 11 U.S.C. § 362(d)(1), for "cause," i.e., that Human Interactive Products, Inc. ("HIP"), a corporation of which Debtor owns a substantial interest, is not a debtor in this case and is not protected by the automatic stay of 11 U.S.C. § 362(a).  Debtor filed an objection contending that Meikle failed to show cause under § 362(d)(1) to lift the stay, and that Meikle seeks to proceed against HIP in state court under a theory of alter ego, which Debtor argues might have preclusive effect on an action seeking exception from Debtor's discharge under 11 U.S.C. § 523, over which this Court has exclusive jurisdiction.  In addition Debtor argues that he needs the breathing spell of the automatic stay and should not have to use scarce resources to defend against Meikle's HIP's claims against HIP.  A hearing on Meikle's Motion was held at Missoula on June 16, 2013.  Debtor James Richard Olsen ("Olsen") appeared and testified, represented by attorney Nik Geranios of Missoula.  Meikle was represented by attorney Brian J. Miller of Morrison, Sherwood, Wilson, & Deola, P.L.L.P., of Helena.  The

1

parties' counsel stipulated to the admission of Exhibits ("Ex.") 1, 2, 3, A, B and C[1] and those exhibits were admitted. At the conclusion of the parties' cases-in-chief the Court took Meikle's motion to modify stay under advisement. After review of the record and applicable law, for the reasons below the Court grants Meikle's Motion to modify stay on the condition that the relief granted hereby is limited to Meikle's bifurcated action against HIP only, and the stay remains in place against the Debtor Olsen. Further, no judgment shall be entered in the state court action against Olsen, and no findings or conclusion entered in Meikle's action against HIP, will be given preclusive effect against any action undertaken against the Debtor in relation to this case.

This Court has exclusive jurisdiction in this Chapter 13 case under 28 U.S.C. § 1334(a). Meikle's Motion for relief from the modify stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

**FACTS**

Meikle sued Olsen and HIP in the Montana First Judicial District Court, Lewis and Clark County, Cause No. DV 2011-718. The complaint in DV 2011-718, Ex. 1, asserts five claims for relief against Olsen and HIP, including for fraud, tortious breach of the covenant of good faith and fair dealing, and acting in concert, agency or assumption wherein Meikle avers Olsen and HIP were acting in concert "or as agents or alter ego ...." Another lawsuit between the parties is pending in the Montana Twenty-First Judicial District Court, Ravalli County, DV-11-710. The parties were engaged in discovery. Olsen denied the allegations of fraud and alter ego.

Olsen commenced this Chapter 13 case by filing a petition on May 29, 2013. The notice

---

[1]The Court reserved ruling on the admission of Ex. D. Because the Court grants HIP's Motion, no decision on the admission of Ex. D is necessary or appropriate.

of commencement of case and deadlines was sent out on June 1, 2013, including to Meikle in

care of his attorney.  The notice of commencement of case sets a deadline of September 9, 2013,

to object to Debtor's discharge or to challenge the dischargeability of certain debts.

Meikle filed his Motion for a declaratory determination of the scope of the automatic stay

on June 5, 2013.  Debtor filed his Schedules and Statement of Financial Affairs on June 12,

2013.  Schedule F lists Meikle as a creditor with a disputed unsecured nonpriority claim, for

which HIP is listed as a codebtor on Schedule H.  Schedule B lists Olsen's personal property,

including his counterclaims against Meikle in an unknown amount, and HIP as stock in an

incorporated business with a value of $0.

## DISCUSSION

As the parties seeking relief, Meikle must first establish a prima facie case that cause

exists for relief under § 362(d)(1).  *United States of America v. Gould*, 401 B.R. 415, 426 (9th

Cir. BAP 2009); *Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir.

BAP 1996).  Once a prima facie case has been established, the burden shifts to the party

opposing relief to show that relief from the stay is not warranted.  *Id.*  Meikle seeks a declaration

that the stay does not apply to HIP so that he can proceed to state court, where the court

apparently is willing to bifurcate the case to let Meikle proceed against HIP.  Debtor opposes

relief because of the possible preclusive effect which state court findings and conclusion may

have against his discharge of personal liability to Meikle.

Under 11 U.S.C. § 362(g), a creditor has the burden of proving that a debtor does not

have equity in property, while the debtor has the burden of proof on all other issues to show that

the stay should not be modified, including adequate protection.  *In re Mittlestadt ("Mittlestadt")*,

3

20 Mont. B.R. 46, 52 (Bankr. D. Mont. 2002); *In re Hungerford ("Hungerford")*, 19 Mont. B.R.

103, 133-34 (Bankr. D. Mont. 2001); *In re Nat'l Env't Waste* Corp., 191 B.R. 832, 836 (Bankr.

C.D. Cal. 1996), *aff'd*, 129 F.3d 1052 (9th Cir. 1997); *In re Syed*, 238 B.R. 126, 132 (Bankr. N.D.

Ill. 1999); *In re Sauk Steel Co., Inc.*, 133 B.R. 431, 436 (Bankr.N.D.Ill.1991); 11 U.S.C. §

362(g)(2).  Given the fact that Meikle seeks to proceed against HIP only, and not the Debtor and

Debtor's Schedules showing that the value of HIP is $0, the Court finds that Meikle established a

prima facie case that cause exists for relief for cause.  *Gould*, 401 B.R. at 426; *Duvar Apt., Inc. v.*

*FDIC,* 205 B.R. at 200.  A prima facie case having been established, the burden shifts to the

Debtor to show that relief from the stay is not warranted.  *Id.*; *Mittlestadt*, 20 Mont. B.R. at 52;

*Hungerford*, 19 Mont. B.R. at 133-34.

> Under 11 U.S.C. § 362(a), "[a] bankruptcy filing imposes an automatic
> stay of all litigation against the debtor."  *Christensen v. Tucson Estates, Inc. (In re*
> *Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citing 11 U.S.C. §
> 362(a)), except in those cases specifically enumerated in § 362(b).  The automatic
> stay is one of the fundamental debtor protections provided by the bankruptcy laws.
> It gives debtors a breathing spell from creditors.  It stops all collection efforts, all
> harassment, and all foreclosure actions.  It permits debtors to attempt a repayment
> or reorganization plan, or simply to be relieved of the financial pressures that
> drove them into bankruptcy.  S.Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978),
> *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5840-41.

*Mittlestadt*, 20 Mont. B.R. at 51 (quoting *In re Westco Energy, Inc. ("Westco")*, 18 Mont. B.R.

199, 211-12 (Bankr. D. Mont. 2000)).

This Court explained the standard for modifying the stay for "cause" under § 362(d)(1) in

*Westco*:

> Section 362(d), however, provides that, "[on request of a party in interest and after
> notice and a hearing, the court shall grant relief from the [automatic] stay" in three
> instances.  The subsection relevant to these proceedings is § 362(d)(1), which
> allows for the granting of relief from the automatic stay "for cause".  What

constitutes cause for purposes of § 362(d) "has no clear definition and is determined on a case-by-case basis." *Tucson Estates*, 912 F.2d at 1166.  *See also Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In the Matter of Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986) (Relief from the automatic stay may "be granted 'for cause,' a term not defined in the statute so as to afford flexibility to the bankruptcy courts.").

*Westco*, 18 Mont. B.R. at 211-12.

Section 362 vests this Court with wide latitude in granting appropriate relief from the automatic stay, and a decision to lift the automatic stay is within a bankruptcy court's discretion, and subject to review for an abuse of discretion.  *In re Delaney-Morin*, 304 B.R. 365, 369-70 (9th Cir. BAP 2003); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer ("Plummer")*, 20 Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995).

Debtor argues that allowing Meikle to proceed with the state court litigation against HIP could jeopardize his discharge because of the preclusive effect of any findings or judgment.  This Court can craft a limitation in its relief from the stay to prevent that from happening.  Also, the deadline for filing dischargeability complaints is less than a month off.  If Meikle does not file a complaint objecting to discharge or seeking an exception from Debtor's discharge before the deadline, his claim against Debtor will be discharged notwithstanding the results of the state court litigation.  Debtor's argument that he needs HIP for his reorganization contrasts with the $0 value at which he listed his interests in HIP in Schedule B.

The Bankruptcy Appellate Panel ("BAP") for the Ninth Circuit Court of Appeals has noted:  "Section 362(a)(1) applies only to actions against a debtor."  *Groner v. Miller (In re Miller)*, 262 B.R. 499 (9th Cir. BAP 2001).  Thus, § 362(a) does not stay actions against

guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the

debtor.  *Id*, at 503-04, quoting *Chugach Timber Corp. v. N. Stevedoring & Handling Corp. (In re*

*Chugach Forest Products, Inc.)*, 23 F.3d 241, 246 (9th Cir.1994), quoting *Advanced Ribbons and*

*Office Prods., Inc. v. U.S. Interstate Distrib., Inc. (In re Advanced Ribbons and Office Products,*

*Inc.)*, 125 B.R. 259, 263 (9th Cir. BAP 1991).  The BAP further observed that neither the

automatic stay nor the discharge injunction of 11 U.S.C. § 524(a)(2) shields a debtor from

discovery or from testifying in an action where the recovery against the debtor personally is

stayed or enjoined.  *Miller*, 262 B.R. at 505-07.

Granting relief from the automatic stay returns the parties to the legal position which they

enjoyed prior to the imposition of the stay.  *In re Johnson*, 17 Mont. B.R. 318, 319 (Bankr. D.

Mont. 1999); *Estate of B.J. McAdams v. Ralston Purina Co.*, 154 B.R. 809, 812 (N.D. Ga. 1993).

 Thus, while the Court has flexibility in determining whether to grant Meikle's Motion, by

granting the Motion Debtor retains whatever claims, defenses and remedies he may have against

Meikle in a nonbankruptcy forum, should Debtor choose to actively participate in HIP's defense.

**IT IS ORDERED** the Debtor's objections are overruled; the "Motion for Declaratory

Determination Re: Scope of Automatic Stay" (Dkt. 8) filed on June 5, 2013, by creditor Tim

Meikle is **GRANTED**; the stay is modified and Meikle is authorized to proceed in Ravalli

County Montana state district court in the case entitled *Meikle v. Jim Olsen, and Human*

*Interactive Prods. Inc.*, DV 2011-710, **PROVIDED, HOWEVER,** that this relief is limited to

Meikle's lawsuit against Human Interactive Products Incorporated **ONLY;** and any state court

litigation of Meikle against the Debtor James Richard Olsen, and any judgment of personal

liability against Olsen arising therefrom, remain subject to the automatic stay of § 362(a).

**IT IS FURTHER ORDERED** that any judgment arising from the above-described state court litigation shall not be given any preclusive effect in any action in this Court involving objection to Debtor's discharge or dischargeability of debt.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana